**Bikram SINGH, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–72628.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2015.*

Filed May 20, 2015.

Shannon Marie Shepherd, Immigration Attorneys, L.L.P., Chicago, IL, for Petitioner.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

Sharon Michele Clay, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Bikram Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider the BIA's March 19, 2013, order denying sua sponte reopening. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, and review de novo claims of constitutional violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reconsider, where Singh did not identify any error of law or fact in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1). In addition, we lack jurisdiction to review the BIA's determinations regarding sua sponte reopening. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir.2011). Singh's due process claim therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.